| | |
|---|---|
| 1 | **GUST ROSENFELD P.L.C.** |
| | 201 E. Washington, Suite 800 |
| 2 | Phoenix, Arizona 85004-2327 |
| | 602-257-7422 |
| 3 | Matthew D. Bedwell - 022347 |
| | mbedwell@gustlaw.com |
| 4 | |
| | **Attorneys for** Defendant First American |
| 5 | Title Insurance Company |

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JONATHAN B. WOODS and KERRIE WOODS, | | |
| Plaintiffs, | No. 2:10-CV-00723-GMS | |
| v. | **MOTION TO DISMISS** | |
| TAYLOR, BEAN & WHITAKER MORTGAGE CORP.; FIRST AMERICAN TITLE INSURANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECONTRUST COMPANY; BAC HOME LOANS SERVICING, and JOHN and JANE DOES 1-5, | | |
| Defendants. | | |

First American Title Insurance Company ("First American") moves pursuant to Rule 12(b)(6), Ariz.R.Civ.P., to dismiss the plaintiffs' complaint against it for failure to state a claim upon which relief can be granted. The complaint identifies two causes of action, (1) for declaratory relief regarding the validity of the deed of trust in question, and (2) a count requesting an injunction to halt a scheduled trustee's sale. However, the sole basis for First American's inclusion in the complaint appears to be its former status as the original trustee under the deed of trust affecting plaintiffs' real property. But, as the plaintiffs themselves acknowledge in the complaint, Recontrust Company, N.A. was substituted as trustee under the subject deed of trust on

November 5, 2009. Complaint ¶ 12. There is no allegation in the complaint that First American undertook any action as trustee, let alone an improper action. What's more, neither of the two formal claims in the complaint prays for damages or relief of any kind against First American. Because First American was included in the complaint based solely on its previous status as trustee under the deed of trust, plaintiffs' complaint fails to state a claim for relief against First American and it should be dismissed.

In addition, First American is entitled to a dismissal pursuant to A.R.S. § 33-807(E), which reads:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust . . . if the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorneys' fees form the person joining the trustee.

First American undertook no action as trustee and was substituted out prior to the trustee's sale at issue in the complaint. It is entitled to a dismissal and an award of attorneys' fees.

Dated this 1st day of April, 2010.

GUST ROSENFELD P.L.C.

By  /s/ Matthew D. Bedwell -022347
    Matthew D. Bedwell
    Attorneys for Defendant *First American Title Insurance Company*

MDB:gmz 1220993.1 4/1/2010

2

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal by U.S. Mail of a Notice of Electronic Filing to the following:

Robert W. Shely   rwshely@bryancave.com,

Gregory Bryan Iannelli   gregory.iannelli@bryancave.com,

Amy Denton Harris
Edward J Peterson , III
Russell M Blain
Stichter Riedel Blain & Prosser PA
110 E Madison Street, Ste 200
Tampa, FL 33602

Jonathan B Woods
Kerrie Woods
3930 East Cody Avenue
Gilbert, AZ 85234

  s/ *Gloria Zanella*