BRYAN CAVE LLP, #00145700
Robert W. Shely (No. 014261)
Gregory B. Iannelli (No. 026549)
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
gregory.iannelli@bryancave.com

Attorneys for Defendants BAC Home Loans Servicing LP,
Recontrust Company N.A., and
Mortgage Electronic Registration Systems Inc.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN B. WOODS and KERRIE WOODS,<br><br>            Plaintiffs,<br><br>    vs.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP.; FIRST AMERICAN TITLE INSURANCE COMPANY; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; RECONTRUST COMPANY; BAC HOME LOANS SERVICING; and JOHN and JANE DOES 1-5,<br><br>            Defendants. | No. 2:10-cv-00723<br><br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.'S, RECONTRUST COMPANY N.A.'S, AND BAC HOME LOANS SERVICING LP'S MOTION TO DISMISS**<br><br>(Hon. G. Murray Snow) |

     Plaintiffs are belatedly attempting to challenge a trustee's sale of their house held in February. They have waived each argument asserted in their Complaint by failing to obtain an injunction against the sale before it took place, and the Complaint must thus be dismissed as untimely. Regardless, Plaintiffs have failed to plead any facts or law in support of their

666111.1

position that Defendants lacked authority to foreclose.  The Court should dismiss this case with prejudice for failure to state a claim on which relief may be granted.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PLAINTIFFS' ALLEGATIONS.

Plaintiffs allege that on July 31, 2008, Defendant Taylor, Bean & Whitaker Mortgage Corp. ("Taylor") loaned them $235,480.00 ("Loan") evidenced by a promissory note ("Note") and secured by a deed of trust ("Deed of Trust") recorded against their house ("Property").[1]  [Doc. No. 1-1, Verified Complaint for Emergency Declaratory and Injunctive Relief (2/12/10) ("Complaint") ¶ 2; Exhibit A]  The Deed of Trust named Defendant Mortgage Electronic Registration Systems Inc. ("MERS") as beneficiary in a nominee capacity for the lender and its successors and assigns. [Complaint ¶ 3]  Defendant First American Title Insurance Company was named as trustee. [Complaint ¶ 4]

According to the Complaint, servicing rights to the Loan were transferred from Taylor to Defendant BAC Home Loans Servicing LP ("BAC") on or about September 1, 2009.  [Complaint ¶ 10; Exhibit B]  Plaintiffs allege that MERS thereafter assigned the Deed of Trust and the Note to BAC, which in turn substituted Defendant Recontrust Company N.A. ("Recontrust") as the trustee.  [Complaint ¶¶ 11–12; Exhibits C, D]  Plaintiffs allege that Recontrust executed a Notice of Trustee's Sale on November 5, 2009,

---

[1] The Court may consider these documents without converting this Motion into a motion for summary judgment because Plaintiffs refer to them in the Complaint. The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998). Although Plaintiffs did not physically attach all of the documents to the Complaint, "a district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citations and quotations omitted). Further, the Deed of Trust and Trustee's Deed are matters of public record and properly subject to judicial notice. See Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (court deciding motion to dismiss may consider matters subject to judicial notice).

noticing a sale of the Property to take place on February 16, 2010. [Complaint ¶ 13; Exhibit E]  The sale was held and BAC acquired the Property for $258,204.27.  [Trustee's Deed (2/17/10), attached hereto as Exhibit 1]

Plaintiffs do not contest the fact or amount of their default or allege that the sale was not noticed or held in conformity with the requirements of the Arizona trust deed statutes. Rather, they assert various claims rooted principally in the argument that Defendants lacked authority to hold the sale under the Uniform Commercial Code, and that the very concept of a trustee's sale violates their right to due process under the Arizona and United States Constitutions.

## II.   LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).  A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery."  Id. at 561.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense."  Id. at 1950.

In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent." Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (citations omitted). Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. Iqbal, 129 S. Ct. at 1951.

## III. ARGUMENT.

### A. Plaintiffs Have Waived Each Of The Arguments Raised In Their Complaint.

The Arizona trust deed statutes unambiguously provide that the trustor under a deed of trust waives all defenses to a foreclosure sale not raised in a successful action for injunctive relief before the sale is held:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C). Plaintiffs are the trustors under the Deed of Trust at issue in this case. [Complaint ¶ 9; Exhibit A] They received due notice of the sale and admit that notice also was posted at the Property. [Complaint ¶¶ 13, 15, 16; Exhibit H] They sought an ex parte temporary restraining order against the sale in the Maricopa County Superior Court on February 16, 2010—the date the sale was scheduled to take place. [Doc. No. 1-1 at 75] The court denied their request, noting that "Plaintiffs have been aware of the pending sale since at least November 25, 2009, and have taken no legal action." [Id. at 96] The court ordered

Plaintiffs to serve Defendants with notice of their action and scheduled a hearing for March 1. [Id.] Plaintiffs did not complete service on all Defendants until March 10, and the court vacated the hearing. [Id. at 97–98] The sale was held on February 16, 2010, as scheduled, and a trustee's deed issued and was recorded. [Exhibit 1 hereto] Under the plain terms of A.R.S. § 33-811(C), Plaintiffs have waived the arguments raised in their Complaint, and the Court should dismiss this action with prejudice.

### B. The Uniform Commercial Code Does Not Govern Trustee's Sales.

The Complaint relies extensively on the theory that Defendants had no authority to hold a sale because they allegedly were not holders in due course of the Note under the Uniform Commercial Code. [See, e.g., Complaint ¶ 18] Plaintiffs have waived this argument and, in any event, Defendants' status as "holders" of the Note is a legal conclusion that the Court need not accept as true.

Regardless, Arizona's state and federal courts have resoundingly rejected the contention that the trustee, beneficiary, or agent of the trustee or beneficiary under a deed of trust cannot exercise the power of sale unless it also is the holder of the borrower's promissory note. The Maricopa County Superior Court recently held that "the UCC does not apply to [non-judicial foreclosures] and the 'show me the note' stratagem lacks merit." Diessner v. Mortgage Electronic Registration Sys. Inc., No. CV2009-053546 (Ariz. Sup. Ct. Nov. 19, 2009) (unpublished minute entry; copy attached hereto as Exhibit 2). That court's holding was well-supported by at least five recent decisions of this Court rejecting Plaintiffs' position. See Diessner v. MERS, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); Goodyke v. BNC Mortgage Inc., 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note

before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted"); Garcia v. GMAC Mortgage LLC, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument); Contreras v. U.S. Bank as Trustee for CSMC Mortgage Backed Pass-Through Certificates, Series 2006-5, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009).

The courts of jurisdictions with similar non-judicial foreclosure statutes are in accord with this Court and the Arizona state courts. See Olivier v. Ndex West LLC, 2009 WL 2486314, *2 (E.D. Cal. Aug. 12, 2009) (stating that the "provisions of the UCC pertain to negotiable instruments, not non-judicial foreclosure under deeds of trust"); Aguero v. Mortgageit Inc., 2009 WL 2486311, *5 (E.D. Cal. Aug. 12 2009) (recognizing that "[i]t is well-established that non-judicial foreclosures can be commenced without producing the original promissory note"); Sicairos v. NDEX West LLC, 2009 U.S. Dist. LEXIS 11223, *6-7 (S.D. Cal. Feb. 11, 2009) (noting that the legal theory underlying Plaintiff's Complaint is "flawed" and that the UCC is the "[w]rong law" to look to for claims involving non-judicial foreclosure); Farner v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 5303, *4 (S.D. Cal. Jan. 29, 2009) ("[T]here does not appear to be any requirement under California law that the original note be produced in order to render the foreclosure proceeding valid"); Ernestberg v. Mortgage Investors Group, 2009 WL 160241, *5 (D. Nev. Jan. 22, 2009) ("Plaintiff has failed to cite to any authority under Nevada law that states that a trustee's power of sale is tied to the presentment of the original note to the debtor"); Putkkuri v. Recontrust Co., 2009 U.S. Dist. LEXIS 32, *6 (S.D. Cal. Jan. 5, 2009) ("California law does not require production of the original note to proceed with a non-judicial foreclosure"); Quintos v. Decision One Mortgage Co. LLC, 2008 U.S. Dist. LEXIS 104503, *7–8 (S.D. Cal. Dec. 29, 2008) (recognizing that "an allegation that [the foreclosing entity] did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid"); Candelo v. NDEX West LLC, 2008 U.S. Dist. LEXIS 105926, *12, 20 (E.D. Cal. Dec. 23, 2008) (dismissing complaint for failure to show that defendants are prohibited from

foreclosing); <u>San Diego Home Solutions Inc. v. Recontrust Co.</u>, 2008 U.S. Dist. LEXIS 99684, *5 (S.D. Cal. Dec. 10, 2008) (law does "not require that the original note be in the possession of the party initiating non-judicial foreclosure"); <u>Pineda v. Saxon Mortgage Services</u>, 2008 U.S. Dist. LEXIS 102439, *7 n.2 (C.D. Cal. Dec. 10, 2008) ("There is no requirement in California that the holder of a note be in actual physical possession . . . to foreclose").

While these decisions constitute only persuasive authority in this Court, they are strongly persuasive. In Arizona, trustee's sales are governed exclusively by A.R.S. §§ 33-801–821, which provide the "only procedure" for a valid trustee's sale. <u>Patton v. First Fed. Sav. & Loan Ass'n of Phoenix</u>, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); <u>accord Chavez v. ReconTrust Co.</u>, 2008 WL 5210893, *3–4 (E.D. Cal. Dec. 11, 2008) (slip copy) (noting that statutory framework governing non-judicial foreclosures is exhaustive and should not be supplemented with additional requirements). These statutes do not require that a beneficiary or trustee be entitled to enforce the borrower's promissory note in order to hold a sale. Rather, they provide that

> [b]y virtue of his position, a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed. . . . The power of sale may be exercised by the trustee without express provision therefore in the trust deed.

A.R.S. § 33-807(A) (emphases added). This provision makes it plain that the existence of a trust deed securing an obligation confers inherent authority[2] on the trustee to sell the trust property upon default, that such sales are governed only by the requirements set forth in the chapter regulating them, and that a sale may be held to remedy a breach of the trust deed itself—necessarily including any agreement in the trust deed to pay the underlying debt—

---

[2] In other words, the trustee need not obtain the prior approval of the borrower or a court, a requirement Plaintiffs seek in effect to impose.

666111.1                                7

not just the note the trust deed secures.[3] Plaintiffs' argument violates this statute because it would regulate trustee's sales <u>other</u> than "in the manner provided in this chapter," which nowhere imposes the requirements Plaintiffs advocate.

The courts also have recognized that an action on the note and a non-judicial foreclosure are <u>separate</u> remedies available to the owner of a defaulted loan. <u>See, e.g.</u>, <u>Universal Inv. Co. v. Sahara Motor Inn Inc.</u>, 127 Ariz. 213, 215, 619 P.2d 485, 487 (Ct. App. 1980). Plaintiffs' position violates this precedent as well, because it impermissibly equates non-judicial foreclosure with a judicial action on the note. This would effectively nullify any lender's statutory right to hold a trustee's sale pursuant to the non-judicial procedure, which the courts have held to be a <u>distinct</u> remedy enacted for the specific purpose of providing "relatively inexpensive and speedy foreclosure proceedings." <u>Andreola v. Ariz. Bank</u>, 26 Ariz. App. 556, 559, 550 P.2d 110, 113 (1976); <u>see also</u> <u>LeDesma v. Pioneer Nat'l Title Ins. Co.</u>, 129 Ariz. 171, 173–74, 629 P.2d 1007, 1009–10 (Ct. App. 1981).

Finally, Plaintiffs have affirmatively alleged that BAC was their loan servicer. [Complaint ¶ 31] Even in judicial foreclosures, where the parties must prove standing and "real party in interest" status that the parties to a non-judicial foreclosure need not prove, a loan servicer has authority to act on behalf of the principal creditor. <u>See, e.g.</u>, <u>Greer v. O'Dell</u>, 305 F.3d 1297, 1302 (11th Cir. 2002) ("[T]he sole issue before us is whether a loan servicer is a 'real party in interest' with standing to conduct, through licensed counsel, the legal affairs of the investor relating to the debt that it services. We answer this question in the affirmative."); <u>Aquaduct, LLC v. McElhenie</u>, 116 S.W.3d 438, 443 (Tex. Ct. App. 2003) (Uniform Commercial Code does not prohibit loan servicer from conducting collection

---

[3] Plaintiffs' Deed of Trust provides that "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." [Deed of Trust, Doc. No. 1-1 at 34] A breach of this agreement—which Plaintiffs do not dispute occurred—is sufficient in itself to give rise to a right of sale under A.R.S. § 33-807(A).

activities, even though servicer is not a holder of the promissory note). Plaintiffs have not alleged that BAC was not properly acting as loan servicer for their creditor or the creditor's beneficiary when it substituted Recontrust as trustee and initiated the sale process.

The Uniform Commercial Code has nothing to do with non-judicial foreclosures. The Court should dismiss the Complaint with prejudice to the extent it relies on this argument.

### C. No "Conflict Of Interest" Can Invalidate The Sale.

Plaintiffs contend that Leticia Quintana, who signed the Corporation Assignment of Deed of Trust for MERS and the Substitution of Trustee for BAC, had a "conflict of interest" in representing both entities. [Complaint ¶ 25] Plaintiffs fail to explain what this supposed "conflict" was or how it has anything to do with the validity of the sale. Nor have they even alleged that Ms. Quintana was not authorized to act for both entities, let alone pleaded any facts in support of such a belief. In any event, Plaintiffs have waived any argument stemming from this "conflict of interest," and the Court should dismiss the Complaint to the extent it relies on these allegations.

### D. A Deed Of Trust Is Not A Confession Of Judgment.

Plaintiffs allege that the power of sale provision in the Deed of Trust is akin to a confession of judgment or a cognovit note. [Complaint ¶ 61] This Court has already rejected that argument. See Phillips v. Fremont Investment & Loan, 2009 WL 4898259, *2 (D. Ariz. Dec. 11, 2009) (denying motion for temporary restraining order).

In any event, a cognovit note is one that contains a clause or provision "by which a debtor agrees to jurisdiction in certain courts, waives notice requirements, and authorizes the entry of an adverse judgment in the event of a default on breach." Parker v. McNeill, 214 Ariz. 495, 496 n.1, 154 P.3d 1041, 1042 n.1 (Ct. App. 2007) (citing Black's Law Dictionary 254 (7th ed. 1999)). A Deed of Trust does nothing of the sort. It allows the trustee to sell real property without judicial proceedings and does not involve consent to the jurisdiction of any court or consent to the entry of an adverse judgment. Indeed, once the trust property is

sold <u>no</u> judgment can ever be entered against the borrower for any deficiency.  A.R.S. § 33-814(G).

The Arizona Legislature approved this purely contractual arrangement between private parties by enacting statutes governing the conduct of trustee's sales.  Those statutes expressly condition the power of sale upon satisfaction of strict notice requirements.  A.R.S. §§ 33-808 & 33-809.  Further, neither the Deed of Trust nor the statutes prevent the trustor from taking action to prevent the trustee's sale.  For instance, the trustor may seek to reinstate the trust deed through payment of the entire amount then due under the contract. <u>See</u> A.R.S. § 33-813.  In addition, the trustor is free to raise any defenses to enforcement of the trust deed or contract through a civil suit prior to the trustee's sale.  Nothing could be further from the sweeping waivers that characterize cognovit notes.

Even if the Court were to find that the power of sale provision is akin to a cognovit clause, "[a] cognovit clause is not, per se, violative of Fourteenth Amendment due process." <u>D. H. Overmyer Co. of Ohio v. Frick Co.</u>, 405 U.S. 174, 187 (1972); <u>see also</u> <u>Parker</u>, 214 Ariz. 495, 154 P.3d 1041 (applying a cognovit clause contained in a stipulation between the parties).  Plaintiffs provide no authority or facts to support their assertion that either a cognovit clause or power of sale clause are unconstitutional facially or as applied to the facts of this case.  Plaintiffs agreed to the clause, which was printed in plain text, by signing the Deed of Trust—which the Court can determine simply by reading the document.  Regardless, Plaintiffs have waived any argument that the power of sale clause cannot be enforced.  The Court should dismiss the Complaint with prejudice to the extent it relies on this theory.

**E.    The Deed Of Trust Is Not Unconscionable.**

Plaintiffs finally argue that their Deed of Trust is not enforceable as an unconscionable contract of adhesion.  [Complaint ¶ 84]  This Court recently rejected a similar argument, holding that the borrowers were "unlikely to void the contract simply because they agreed to a standard contract with terms that ultimately became disagreeable to

them." Phillips, 2009 WL 4898259, *2 (denying motion for temporary restraining order). Similarly, Plaintiffs here do not allege any facts suggesting that the Deed of Trust was an unconscionable adhesion contract, other than that it was a standard form they were required to sign.

Arizona recognizes two types of unconscionability: substantive and procedural. Maxwell v. Fidelity Fin. Servs. Inc., 184 Ariz. 82, 88–90, 907 P.2d 51, 57–59 (1995). "Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." Id. at 88–89 (citation omitted). Factors showing substantive unconscionability include "contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." Id. at 89. Procedural unconscionability is concerned with the process for entering into the contract and stems from factors that bear upon "'the real and voluntary meeting of the minds of the contracting party: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question.'" Id. (citing Johnson v. Mobil Oil Corp., 415 F. Supp. 264, 268 (E.D. Mich. 1976)).

Plaintiffs have not pleaded any facts suggesting that these factors were present in their loan transaction. Plaintiffs entered into a standard agreement to borrow money for the purchase of a home secured by a deed of trust, as have countless thousands of other Arizonans. In exchange for a loan of a certain value, Plaintiffs were asked to provide collateral of equivalent value. In the event of default, Plaintiffs agreed that the lender could sell the house, subject to the rigorous notice requirements of the foreclosure statutes, and provided that Plaintiffs did not have some grounds to dispute their default or other cause to have the sale enjoined. Plaintiffs, in turn, were assured by statute that their liability on the Loan would never be greater than the value of the house at the time of default, because no

personal deficiency judgments are permitted. There is nothing unfair in these terms. Indeed, the Legislature has expressly approved them by providing for non-judicial foreclosure in the statutes.

Nor have Plaintiffs pleaded any facts suggesting procedural unconscionability. They allege that the power of sale provisions were hidden, but this makes no sense. The whole purpose of a deed of trust is to confer a power of sale, so if Plaintiffs did not know that their Deed of Trust contained such provisions it only could have been because they were not paying any attention to the documents they were signing.

It is apparent from the Complaint that these allegations of "hidden" provisions are really nothing of the sort. In fact, what Plaintiffs argue is that their lender should have gone to great lengths to explain each provision of the trust deed, print certain lines in bold, and include various warnings. [Complaint ¶¶ 98, 109, 112] There is no authority for placing such burdens on the lender. Mortgage lending is heavily regulated by federal law and no such "warning" measures are required by the Real Estate Settlement Procedures Act, the Truth in Lending Act, or similar statutes. The concept that a deed of trust confers a power of sale is so basic that even federal regulators saw no need for lenders to meticulously disclose it.

The power of sale provisions are plain and unambiguous, as Plaintiffs themselves demonstrate by showing ample understanding of them in the Complaint. If they did not understand them at the time they should have read the document before signing it or asked for clarification. In any event, Plaintiffs have waived this argument. The Court should dismiss the Complaint with prejudice to the extent it relies on this theory.

**Relief Requested**

For the foregoing reasons, Defendants MERS, BAC, and Recontrust respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

DATED this 7th day of April, 2010.

BRYAN CAVE LLP

By   s/ Gregory B. Iannelli
Robert W. Shely
Gregory B. Iannelli
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

Attorneys for Defendants BAC Home Loans Servicing LP, Recontrust Company N.A., and Mortgage Electronic Registration Systems Inc.

COPY of the foregoing electronically filed using the CM/ECF System this 7th day of April, 2010, with a copy mailed to:

Jonathan Woods and Kerrie Woods
3930 East Cody Avenue
Gilbert, Arizona 85234

s/ Gregory B. Iannelli

# EXHIBIT 1

First American

OFFICIAL RECORDS OF

Unofficial Document

RECORDING REQUESTED BY:
BAC Home Loans Servicing, LP
2380 Performance Dr, TX2-985-07-03
Richardson, TX  75082
WHEN RECORDED MAIL TO:
BAC Home Loans Servicing, LP
2380 Performance Dr, TX2-985-07-03
Richardson, TX  75082
TS No. 09-0162267
Title Order No. 4299761
APN No. 304-07-474-1

## TRUSTEE'S DEED UPON SALE ARIZONA

The undersigned grantor declares:
The amount of the unpaid debt together with costs was $258,224.27.
The amount paid by the grantee at the trustee's sale was $258,204.27.
The documentary transfer tax is $_____ The Grantee was/was not the foreclosing beneficiary.

RECONTRUST COMPANY, N.A., as the duly appointed Trustee (or successor Trustee or substituted Trustee), under a Deed of Trust referred to below, and herein called Trustee, does hereby grant without covenant or warranty to:

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP

the real property, situated in the County of Maricopa, State of Arizona describe as follows:

SEE ATTACHED LEGAL DESCRIPTION

This conveyance is made pursuant to the power of sale, conferred upon SUCCESSOR TRUSTEE by the Deed of Trust, dated 07/31/2008 made by JONATHAN B. WOODS AND KERRIE WOODS AKA KERRIE B. WOODS HUSBAND AND WIFE, AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP, as TRUSTOR(S), FIRST AMERICAN TITLE INS. CO. A CA CORP., as TRUSTEE, in which MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., is named as BENEFICIARY and recorded on 08/05/2008, as Instrument Number 20080681375, Book N/A, Page N/A, in the office of the county recorder of Maricopa, and after fulfillment by the SUCCESSOR TRUSTEE of the conditions specified in said Deed of Trust, and in compliance with the laws of the State of Arizona. Trustee or Successor Trustee having complied with all applicable statutory provisions and having performed all of the required duties under said Deed of Trust including posting, publishing, recordation of all necessary documents.
Said property was sold by the SUCCESSOR TRUSTEE at public auction on 02/16/2010, in the County of Maricopa in which said property is situated. Grantee, being the highest bidder at such sale, became the purchaser of said property and made payment therefore to said SUCCESSOR TRUSTEE of the amount bid, namely $258,204.27.

*Form aztd (08/06)*

DATED: February 17, 2010

EXEMPT UNDER ARS 11-1134-B-1

RECONTRUST COMPANY, N.A.
Successor Trustee

By: _____Kathy Newland_____
KATHY NEWLAND, ~~Team Member~~
Assistant Secretary

State of: __Texas__ )
County of: __Tarrant__ )

On __2/17/2010__ before me __Karin Morris__, personally appeared __KATHY NEWLAND, Asst. Sec__, know to me (or proved to me on the oath of _____ or through _____ ) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
WITNESS MY HAND AND OFFICIAL SEAL.

_____Kar Mor_____
Notary Public's Signature

Unofficial Document
KARIN ANNE MORRIS
Notary Public, State of Texas
My Commission Expires
January 14, 2014

Form aztd (08/06)

TS # 09-0162267
PUB# 1006.74221
LOAN TYPE: FHA

# "EXHIBIT A"
## LEGAL DESCRIPTION

LOT 432, OF CAROL RAE RANCH, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 395 OF MAPS, PAGE 24 AND AFFIDAVITS OF CORRECTION RECORDED AS 95-345898, AS 96-0353476 AND AS 96-0740382, ALL OF OFFICIAL RECORDS.

Unofficial Document

*Form legaldesc (07/01)*

# EXHIBIT 2

Michael K. Jeanes, Clerk of Court
\*\*\* Electronically Filed \*\*\*
12/02/2009 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-053546                                          11/19/2009

HONORABLE BRIAN R. HAUSER

CLERK OF THE COURT
W. Tenoever
Deputy

ROBIN DIESSNER                       VERONICA MANOLIO

v.

MORTGAGE ELECTRONIC REGISTRATION     JONATHAN GRANT BRINSON
SYSTEMS INC, et al.

RULING

1:28 p.m.  This is the time set for Oral Argument on Defendants' Motion to Dismiss. Plaintiff is represented by counsel, Veronica Manolio.  Defendants are represented by counsel, Jonathan G. Brinson.

A record of the proceedings is being made by CD (FTR) in lieu of a court reporter.

Arguments are heard.

IT IS ORDERED taking Defendants' Motion to Dismiss under advisement.

1:46 p.m.  Hearing concludes.

<u>LATER:</u>

IT IS ORDERED staying defendants' motion to dismiss to enable plaintiff to address the additional document evidencing the substitution of trustee presented by defendant at oral argument.  The authority of the trustee to prosecute the non-judicial foreclosure is the sole

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2009-053546                                                                                      11/19/2009

remaining issue before the court since the court finds that the UCC does not apply to this matter and the "show me the note" stratagem lacks merit.

　　　　IT IS FURTHER ORDERED that plaintiff may file a responsive pleading not exceeding five pages addressing the new document no later than December 11, 2009 at which time the matter will be taken under advisement.  No reply shall be filed.

　　　　This case is eFiling eligible: http://www.clerkofcourt.maricopa.gov/efiling/default.asp