|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jonathan B. Woods and Kerrie Woods, | ) | No. CV-10-723-PHX-GMS |
| Plaintiffs, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| BAC Home Loans Servicing, LP; Mortgage Electronic Registration Systems Incorporated; ReconTrust Company; First American Title Insurance Company; Taylor, Bean & Whitaker Mortgage Corp.; Unknown Parties named as John and Jane Does 1-5, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs' have filed a Motion for Extension of Time to Oppose the Motion of Defendants Mortgage Electronic Systems, Inc.'s Recontrust Company N.A.'s and BAC Home Loans Servicing LP's Motion to Dismiss (Dkt. # 12). The Court will grant the extension.

Also pending before the Court is Defendant First American Title Insurance Company's Motion to Dismiss (Dkt. # 7). As of April 27, 2010, Plaintiffs have failed to file a response to First American Title Insurance Company's Motion to Dismiss. Local Rule 7.2(c) provides that "[t]he opposing party shall . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum" to a defendant's Motion to Dismiss. Local Rule 12.1(b) further provides that a party shall have thirty days (30) to respond to a Motion to Dismiss for lack of jurisdiction. *See* LRCiv.

12.1(b); 56.1(d). As of April 27, 2010, Plaintiffs have not filed a timely responsive memoranda to Defendant First American Title Insurance Company's Motion to Dismiss, nor have they sought extensions of time to do so. Under the Local Rules, if a party "does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 53– 54 (9th Cir. 1995) (holding that district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to motion but failed to do so).

**IT IS HEREBY ORDERED** granting Plaintiffs' Motion for Extension (Dkt. # 12), to and including, **May 12, 2010**, in which to Respond to the Motions to Dismiss (Dkt. ## 7, 10).  Should Plaintiffs fail to comply, the Court may deem Plaintiffs' failure to oppose the Motions as a waiver, and may grant the motions on that basis.

DATED this 29th day of April, 2010.

G. Murray Snow
United States District Judge