```
FILED ____ LODGED
____ RECEIVED ____ COPY
     JUN 15 2010
CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____P DEPUTY
```

Jonathan B. Woods and Kerrie Woods
3930 East Cody Avenue
Gilbert, AZ 85234

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN B. WOODS and, KERRIE WOODS, <br><br> Plaintiffs, Pro Per <br><br> vs. <br><br> TAYLOR, BEAN & WHITAKER MORTGAGE CORP., FIRST AMERICAN TITLE INSURANCE COMPANY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECONTRUST COMPANY, BAC HOME LOANS SERVICING, And, JOHN and JANE DOES 1-5 <br><br> Defendants | No. 2:10-cv-00723 <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** <br><br> (Hon. G. Murray Snow) <br><br> Hearing: _____, 2010 <br><br> Room: _____ |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs move the Court for leave to file a First Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.[1] This motion is timely and, because the proposed amendment, which clarifies and narrows the allegations in the first complaint, poses no surprise or prejudice to any party, this motion should be granted in light of the liberality required by the rules and Supreme Court precedent.[2]

---

[1] Rule 15 provides that a party may amend its pleading once as a matter of course at any time before a responsive pleading is served; "[o]therwise, a party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. As two of the Defendants have filed responsive pleadings, leave of Court is required.

[2] See *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

1. Through this motion, Plaintiffs seeks leave to file its Amended Complaint pursuant to Federal Rule of Civil Procedure 15. The reason for the Amended Complaint is that Plaintiff has acquired and discovered new information that it has learned since the filing of its original complaint. Additionally, several changes proposed in the first Amended Complaint will also merely clarify and narrow the issues to be litigated in this action. In particular, the Plaintiffs desire to clarify the nature of their claims. Amendments that merely clarify or subtract allegations previously made are not likely to cause surprise and are routinely permitted. *See, e.g., Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 89-90 (2d Cir. 1998); *Allen v. Nat. Video, Inc.*, 610 F.Supp. 612, 621 (S.D.N.Y. 1985). Leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). It is thus well established that amendments must be allowed absent some good reason justifying denial of leave to amend. *E.g., Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) No such good reason exists here justifying denial of leave to amend.

**ARGUMENT**

2. Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and others Courts have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption*

under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, 3-15 *Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

3. Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id.* at 230. The court noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. The amendment will not cause any undue prejudice. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.*

4. In *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001), the court noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'"

*Id.* at 1163 (*quoting Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted). The Eleventh Circuit noted that amending the case previously is no reason for refusing to allow a plaintiff to amend a complaint.

## CONCLUSION

5. For the reasons discussed above, Plaintiffs respectfully seek leave of this Court for 45 days from the proposed Order to file the Amended Complaint.

DATED: June 15, 2010                                             Respectfully submitted,

*/s/ Jonathan B. Woods*
JONATHAN B. WOODS

*/s/ Kerrie Woods*
KERRIE WOODS

## JUDICIAL NOTICE

The Plaintiffs wish to point out to the Court that they are NOT individuals schooled in the law, but are individuals exercising their rights under law for the proper action of the Court in the protection of their home and rights. As such, Plaintiffs asks the court look to the substance of their pleadings rather than the form and asks the court to take judicial notice pursuant to Section 32 of the Judiciary Act of 1789 (1 Stat. 73) which specifies that "courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form." The Plaintiffs further asks the court to take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the enunciation of principles stated in *King v. Knoll* (No. 04-04149-JAR), Whitney

v. State of New Mexico (113 F.3d 1170), and Haines v. Kerner (404 U.S. 519), wherein the courts directed that those who are unschooled in law making complaints/pleadings shall have the court look to the substance of the complaint/pleadings rather than the form and hereby makes the following pleadings/notices in the above referenced matter WITHOUT waiver of any defenses.