**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan B. Woods and Kerrie Woods, ) | No. 10-CV-723-PHX-GMS |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| BAC Home Loans Servicing, LP, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Three motions are pending before the Court: the Motion to Amend filed by Plaintiffs (Doc. 22), the Motion to Dismiss filed by Defendant First American Title Insurance Company ("First American") (Doc. 7), and the Motion to Dismiss filed by Defendants BAC Home Loans Servicing, Mortgage Electronic Registration Systems, Inc., and ReconTrust Company (collectively, the "BAC Defendants") (Doc. 10).

The Motion to Amend is granted. As the Ninth Circuit has repeatedly reiterated, "leave to amend 'shall be freely given when justice so requires.'" *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986) (quoting Fed. R. Civ. P. 15(a)). Accordingly, leave to amend should not be denied unless, "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Id.* (citation omitted).

At this early stage in the litigation, the Court is hesitant to deny amendment unless it is absolutely clear that the plaintiff has failed to state a claim. This is especially true where,

1  as here, Plaintiffs are appearing *pro se*, seem to be acting in good faith, and raise
2  substantially different factual and legal claims, and where it is not yet clear whether the
3  amendment will be unsuccessful in saving the suit. Allowing amendment at this juncture will
4  also serve the interests of justice and help clarify the issues.  Because the facts and legal
5  claims raised by the proposed Amended Complaint differ substantially from the original
6  complaint, many of the arguments raised in the Motions to Dismiss may be rendered moot.
7  Accordingly, the Court will deny the Defendants' Motions without prejudice.

8  The Court, however, also notes First American's assertion that Plaintiff is unable to
9  plead any legal or factual claim against it.  First American is the former trustee under the
10 deed of trust affecting the real property that is the subject of this case.  Upon review of the
11 proposed Amended Complaint, it appears that Plaintiff does not intend to raise any claims
12 against First American.  The proposed Amended Complaint deletes most of the already-
13 limited factual allegations related to First American, deletes First American from the caption,
14 and deletes an explanation of it as a party.  As Plaintiff appears purposely to have abandoned
15 any claims against First American, the Court will order Plaintiffs to show cause why First
16 American should not be dismissed from this case.

17 **IT IS HEREBY ORDERED** that the Motion to Amend filed by Plaintiffs (Doc. 22)
18 is **GRANTED**.

19 **IT IS FURTHER ORDERED** directing Plaintiffs file the Amended Complaint and
20 serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil
21 Procedure within **fourteen (14)** days of the filing of this Order.

22 **IT IS FURTHER ORDERED** that the Motions to Dismiss filed by First American
23 and the BAC Defendants (Docs. 7, 10) are **DENIED** without prejudice.

24 DATED this 30th day of July, 2010.

25
26 _____
27 G. Murray Snow
   United States District Judge
28

- 2 -