BRYAN CAVE LLP, #00145700
Robert W. Shely (No. 014261)
Gregory B. Iannelli (No. 026549)
Two N. Central Avenue, Suite 2200
Phoenix, AZ  85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
gregory.iannelli@bryancave.com

Attorneys for Defendants BAC Home Loans Servicing LP
and Mortgage Electronic Registration Systems Inc.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN B. WOODS and KERRIE WOODS,<br><br>         Plaintiffs,<br><br>    vs.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; BAC HOME LOANS SERVICING; and JOHN and JANE DOES 1-5,<br><br>         Defendants. | No. 2:10-cv-00723<br><br>**MOTION TO DISMISS AMENDED COMPLAINT**<br><br>(Hon. G. Murray Snow) |

The Amended Complaint filed by plaintiffs Jonathan and Kerrie Woods adds nothing to the original pleadings. The Woods are belatedly attempting to challenge a trustee's sale held in February. They have waived each argument asserted in their Amended Complaint by failing to obtain an injunction against the sale before it took place, and the Amended Complaint must thus be dismissed as untimely. Regardless, the Woods have failed to plead any facts or law in support of their position that defendants Mortgage Electronic Registration Systems Inc. and BAC Home Loans Servicing LP (collectively, "Defendants")

lacked authority to foreclose. The Court should dismiss this case with prejudice for failure to state a claim on which relief may be granted.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.  PLAINTIFFS' ALLEGATIONS.

The Woods allege that on July 31, 2008, defendant Taylor, Bean & Whitaker Mortgage Corp. ("Taylor") loaned them $235,480.00 ("Loan") evidenced by a promissory note ("Note") and secured by a deed of trust ("Deed of Trust") recorded against their house ("Property"). [Amended Complaint ("AC") ¶ 1; Exhibit A] The Deed of Trust named Defendant Mortgage Electronic Registration Systems Inc. ("MERS") as beneficiary in a nominee capacity for the lender and its successors and assigns. [AC, Exhibit A at 2]

According to the Amended Complaint, Taylor transferred servicing rights to the Loan to defendant BAC Home Loans Servicing LP ("BAC") on or about September 1, 2009. [AC ¶ 2; Exhibit B] The Woods allege that MERS thereafter assigned the Deed of Trust and the Note to BAC, which in turn substituted ReconTrust Company N.A. ("ReconTrust") as successor trustee. [AC ¶¶ 3, 5; Exhibits C, D] The Woods allege that ReconTrust executed a Notice of Trustee's Sale on November 5, 2009, noticing a sale of the Property to take place on February 16, 2010. [AC ¶ 6; Exhibit E] The sale was held and BAC acquired the Property for $258,204.27. [See Doc. No. 10 at 15–17]

The Woods do not contest the fact or amount of their default or allege that the sale was not noticed or held in conformity with the requirements of the Arizona trust deed statutes. Rather, they assert various claims rooted principally in the argument that Defendants lacked authority to hold the sale under the Uniform Commercial Code, and that the very concept of a trustee's sale violates their right to due process under the Arizona and United States Constitutions.

### II.  LEGAL STANDARD.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (reversing denial of motion to dismiss). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). A plaintiff cannot meet his burden simply by contending that he "might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. It is not sufficient if the complaint merely establishes a "sheer possibility" that the defendant has acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). To determine whether a complaint states a plausible claim for relief, the court must rely on its "judicial experience and common sense." Id. at 1950.

In considering a motion to dismiss, "[t]he court need not . . . accept as true allegations that contradict matters properly subject to judicial notice, are conclusory or mere legal conclusions, or unwarranted deductions of fact or unreasonable inferences, or contradicted by documents referred to in the Complaint, or are internally inconsistent." Pesci v. IRS, 67 F. Supp. 2d 1189, 1191-92 (D. Nev. 1999), aff'd, 225 F.3d 663 (9th Cir. 2000) (citations omitted). Dismissal can be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citation omitted). Where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed for failure to state a claim. Iqbal, 129 S. Ct. at 1951.

## III. ARGUMENT.

### A. Plaintiffs Have Waived Each Of The Arguments Raised In Their Complaint.

The Arizona trust deed statutes unambiguously provide that the trustor under a deed of trust waives all defenses to a foreclosure sale not raised in a successful action for injunctive relief before the sale is held:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

A.R.S. § 33-811(C). The Woods are the trustors under the Deed of Trust at issue in this case. [AC ¶ 1; Exhibit A] They received due notice of the sale and admit that notice also was posted at the Property. [AC ¶¶ 6–8; Exhibit G] They sought an ex parte temporary restraining order against the sale in the Maricopa County Superior Court on February 16, 2010—the date the sale was scheduled to take place. [Doc. No. 1-1 at 75] The court denied their request, noting that "Plaintiffs have been aware of the pending sale since at least November 25, 2009, and have taken no legal action." [Id. at 96] The court ordered the Woods to serve Defendants with notice of their action and scheduled a hearing for March 1. [Id.] The Woods did not complete service on all Defendants until March 10, and the court vacated the hearing. [Id. at 97–98] The sale was held on February 16, 2010, as scheduled, and a trustee's deed issued and was recorded. [Doc. No. 10 at 15–17] Under the plain terms of A.R.S. § 33-811(C), the Woods have waived the arguments raised in their Amended Complaint, and the Court should dismiss this action with prejudice.

### B. Arizona Does Not Recognize A Cause Of Action For Wrongful Foreclosure.

While the Woods do not explicitly assert a cause of action for wrongful foreclosure, they essentially argue they are entitled to relief because the sale should not have been held.

Arizona does not recognize such a cause of action. See, e.g., Contreras v. U.S. Bank as Trustee for CSMC Mortgage Backed Pass-Through Certificates, Series 2006-5, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009) (acknowledging that "[n]o Arizona state court has recognized the tort of wrongful foreclosure"). Jurisdictions that do recognize the tort require the trustor to prove that either he was not in default at the time of the foreclosure, or that the foreclosing party caused his default.[1] See Contreras, 2009 WL 4827016, at *6 (holding that plaintiffs failed to state a claim under laws of any jurisdiction because they admitted default and did not argue that defendants caused their default). The Woods have not made any such allegations.

### C. The Uniform Commercial Code Does Not Govern Trustee's Sales.

The Complaint relies extensively on the theory that Defendants had no authority to hold a sale because they allegedly were not holders in due course of the Note under the Uniform Commercial Code. [See, e.g., AC ¶¶ 10–22] The Woods have waived this argument. Regardless, this Court has resoundingly rejected this "show me the note" theory. See Diessner v. MERS, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); Goodyke v. BNC Mortgage Inc., 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted"); Garcia v. GMAC Mortgage LLC, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument); Contreras v. U.S.

---

[1] This Court has recognized the tort in only one case, and in that case the trustor demonstrated that he had cured his defaults prior to the foreclosure. See Herring v. Countrywide Home Loans Inc., 2007 WL 2051394, at *5 (D. Ariz. July 13, 2007). The Woods have pleaded nothing of the sort.

Bank as Trustee for CSMC Mortgage Backed Pass-Through Certificates, Series 2006-5, 2009 WL 4827016, at *5 (D. Ariz. Dec. 15, 2009).

Further, the Woods have affirmatively alleged that BAC was their loan servicer. [AC ¶ 2] Even in judicial foreclosures, where the parties must prove standing and "real party in interest" status irrelevant to non-judicial foreclosures, a loan servicer has authority to act on behalf of the principal creditor. See, e.g., Greer v. O'Dell, 305 F.3d 1297, 1302 (11th Cir. 2002) ("[T]he sole issue before us is whether a loan servicer is a 'real party in interest' with standing to conduct, through licensed counsel, the legal affairs of the investor relating to the debt that it services. We answer this question in the affirmative."); Aquaduct, LLC v. McElhenie, 116 S.W.3d 438, 443 (Tex. Ct. App. 2003) (Uniform Commercial Code does not prohibit loan servicer from conducting collection activities, even though servicer is not a holder of the promissory note). The Woods have not alleged that BAC was not properly acting as loan servicer for their creditor or the creditor's beneficiary when it substituted ReconTrust as trustee and initiated the sale process.

### D. MERS Has Authority To Participate In Non-Judicial Foreclosures.

The Woods argue that the involvement of MERS in the foreclosure process invalidates the sale. [AC ¶¶ 23–29] They have waived this argument. Regardless, in their Deed of Trust, the Woods gave MERS authority to act on behalf of the lender and the lender's successors and assigns, including authority to "foreclose and sell the Property." [AC, Exhibit A at 2] This Court has repeatedly affirmed the use of the MERS system and rejected the Woods' theory. See, e.g., Ciardi v. The Lending Co. Inc., No. 2:10-CV-0275, 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010); Cervantes v. Countrywide Home Loans Inc., No. 2:09-CV-00517, 2009 WL 3157160, at *10 (D. Ariz. Sept. 24, 2009).

### E. No "Conflict Of Interest" Can Invalidate The Sale.

The Woods contend that Leticia Quintana, who signed the Corporation Assignment of Deed of Trust for MERS and the Substitution of Trustee for BAC, had a "conflict of interest" in representing both entities. [AC ¶¶ 42–49] The Woods fail to explain what this

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

supposed "conflict" was or how it has anything to do with the validity of the sale. Nor have they even alleged that Ms. Quintana was not authorized to act for both entities, let alone pleaded any facts in support of such a belief. In any event, the Woods have waived any argument stemming from this "conflict of interest."

### F. Securitization Is Not Wrongful.

The Woods assert that the securitization of the Loan amounted to "fraudulent conversion," breach of the covenant of good faith and fair dealing, unjust enrichment, and breach of contract. [AC ¶¶ 68–95] The Woods do not point to any contractual provision prohibiting securitization, do not explain what contractual benefit they were denied as a result of the sale of the Loan, do not describe how the alleged securitization impoverished them unjustly, and do not contend that the sale of the Loan caused their undisputed default or injured them in any way. Even if such facts existed, which they do not, these allegations do not provide any basis for setting aside a properly noticed and conducted trustee's sale.

### G. A Deed Of Trust Is Not A Confession Of Judgment.

The Woods allege that the power of sale provision in the Deed of Trust is akin to a confession of judgment or a cognovit note. [AC ¶¶ 118–136] This Court has already rejected that argument. See Phillips v. Fremont Investment & Loan, 2009 WL 4898259, *2 (D. Ariz. Dec. 11, 2009) (denying motion for temporary restraining order).

In any event, a cognovit note is one that contains a clause or provision "by which a debtor agrees to jurisdiction in certain courts, waives notice requirements, and authorizes the entry of an adverse judgment in the event of a default on breach." Parker v. McNeill, 214 Ariz. 495, 496 n.1, 154 P.3d 1041, 1042 n.1 (Ct. App. 2007) (citing Black's Law Dictionary 254 (7th ed. 1999)). A deed of trust does nothing of the sort. It allows the trustee to sell real property without judicial proceedings and does not involve consent to the jurisdiction of any court or consent to the entry of an adverse judgment. Indeed, once the trust property is sold no judgment can ever be entered against the borrower for any deficiency. A.R.S. § 33-814(G).

The Arizona Legislature approved this purely contractual arrangement between private parties by enacting statutes governing the conduct of trustee's sales. Those statutes expressly condition the power of sale upon satisfaction of strict notice requirements. A.R.S. §§ 33-808 & 33-809. Further, neither the deed of trust nor the statutes prevent the trustor from taking action to prevent the trustee's sale. For instance, the trustor may seek to reinstate the trust deed through payment of the entire amount then due under the contract. See A.R.S. § 33-813. In addition, the trustor is free to raise any defenses to enforcement of the trust deed or contract through a civil suit prior to the trustee's sale. Nothing could be further from the sweeping waivers that characterize cognovit notes.

Even if the Court were to find that the power of sale provision is akin to a cognovit clause, "[a] cognovit clause is not, per se, violative of Fourteenth Amendment due process." D. H. Overmyer Co. of Ohio v. Frick Co., 405 U.S. 174, 187 (1972); see also Parker, 214 Ariz. 495, 154 P.3d 1041 (applying a cognovit clause contained in a stipulation between the parties). The Woods provide no facts explaining why their Deed of Trust does not pass constitutional muster. The Woods agreed to the power-of-sale clause, which was printed in plain text, by signing the Deed of Trust—which the Court can determine simply by reading the document. Regardless, the Woods have waived any argument that the power of sale clause cannot be enforced.

**H.     The Deed Of Trust Is Not Unconscionable.**

The Woods finally argue that their Deed of Trust is not enforceable as an unconscionable contract of adhesion. [AC ¶¶ 137–146] This Court recently rejected a similar argument, holding that the borrowers were "unlikely to void the contract simply because they agreed to a standard contract with terms that ultimately became disagreeable to them." Phillips, 2009 WL 4898259, *2 (denying motion for temporary restraining order). Similarly, the Woods here do not allege any facts suggesting that the Deed of Trust was an unconscionable adhesion contract, other than that it was a standard form they were required to sign.

666111.2                                            8

Arizona recognizes two types of unconscionability: substantive and procedural. Maxwell v. Fidelity Fin. Servs. Inc., 184 Ariz. 82, 88–90, 907 P.2d 51, 57–59 (1995). "Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." Id. at 88–89 (citation omitted). Factors showing substantive unconscionability include "contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." Id. at 89. Procedural unconscionability is concerned with the process for entering into the contract and stems from factors that bear upon "'the real and voluntary meeting of the minds of the contracting party: age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question.'" Id. (citing Johnson v. Mobil Oil Corp., 415 F. Supp. 264, 268 (E.D. Mich. 1976)).

The Woods have not pleaded any facts suggesting that these factors were present in their loan transaction. They entered into a standard agreement to borrow money for the purchase of a home secured by a deed of trust, as have countless thousands of other Arizonans. In exchange for a loan of a certain value, they were asked to provide collateral of equivalent value. In the event of default, they agreed that the lender could sell the house, subject to the notice requirements of the foreclosure statutes, and provided that they did not have some valid grounds to dispute their default. The Woods, in turn, were assured by statute that their liability on the Loan would never be greater than the value of the house at the time of default, because no personal deficiency judgments are permitted. There is nothing unfair in these terms.

Nor have the Woods pleaded any facts suggesting procedural unconscionability. They allege that the power of sale provisions were hidden, but this makes no sense. The whole purpose of a deed of trust is to confer a power of sale, so if the Woods did not know

that their Deed of Trust contained such provisions it only could have been because they were not paying any attention to the documents they were signing. Mortgage lending is heavily regulated by federal law and the Woods do not allege that their lender did not provide the disclosures and warnings required by the Real Estate Settlement Procedures Act, the Truth in Lending Act, or similar statutes. The concept that a deed of trust confers a power of sale is so basic that even federal regulators saw no need for lenders to meticulously disclose it.

The power of sale provisions are plain and unambiguous, as the Woods themselves demonstrate by showing ample understanding of them in the Amended Complaint. If they did not understand them at the time they should have read the document before signing it or asked for clarification. In any event, the Woods have waived this argument.

**Relief Requested**

For the foregoing reasons, Defendants MERS and BAC respectfully request that the Court dismiss the Woods' Amended Complaint with prejudice.

DATED this 30th day of August, 2010.

BRYAN CAVE LLP

By      s/ Gregory B. Iannelli
        Robert W. Shely
        Gregory B. Iannelli
        Two North Central Avenue, Suite 2200
        Phoenix, Arizona 85004-4406

        Attorneys for Defendants BAC Home
        Loans Servicing LP and Mortgage
        Electronic Registration Systems Inc.

1  COPY of the foregoing electronically filed using the CM/ECF System this 30th day of August, 2010, with a copy mailed to:

Jonathan Woods and Kerrie Woods
3930 East Cody Avenue
Gilbert, Arizona 85234

s/ Gregory B. Iannelli

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000