BRYAN CAVE LLP, #00145700
Robert W. Shely (No. 014261)
Gregory B. Iannelli (No. 026549)
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
gregory.iannelli@bryancave.com

Attorneys for Defendants BAC Home Loans Servicing LP
and Mortgage Electronic Registration Systems Inc.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN B. WOODS and KERRIE WOODS,<br><br>           Plaintiffs,<br><br>      vs.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; BAC HOME LOANS SERVICING; and JOHN and JANE DOES 1-5,<br><br>           Defendants. | No. 2:10-cv-00723<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**<br><br>(Hon. G. Murray Snow) |

The Woods' response to the motion to dismiss filed by defendants Mortgage Electronic Registration Systems Inc. ("MERS") and BAC Home Loans Servicing LP ("BAC") fails to refute the substance of the motion. The Woods have now filed two complaints, neither of which sets forth any facts suggesting that BAC lacked the right to foreclose. The Court should dismiss this case with prejudice.

678340.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PLAINTIFFS MISSTATE THE LEGAL STANDARD.

The Woods contend that the Court should not dismiss their Amended Complaint unless "it appears beyond doubt that [they] can prove no set of facts in support of [their] claim which would entitle [them] to relief." [Doc. No. 33 at 4 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)] The Supreme Court disapproved that language in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). According to the Supreme Court, "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard" and has "earned its retirement." Id. at 563 (phrase has been "questioned, criticized, and explained away long enough"). A plaintiff no longer can survive a motion to dismiss by making a "wholly conclusory statement of claim" but leaving open "the possibility that [he] might later establish some set of undisclosed facts to support recovery." Id. at 561. Rather, the Woods must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Amended Complaint fails to meet this standard. The Court should not afford the Woods relief from Twombly merely because they are representing themselves. "Although [the Court] construe[s] pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1986)). Even "a liberal interpretation of a . . . complaint may not supply [the] essential elements of [a] claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotations omitted).

## II. PLAINTIFFS WAIVED THEIR CLAIMS BY FAILING TO OBTAIN A PRE-SALE INJUNCTION.

The Woods argue that they did not waive the claims presented in this lawsuit when they failed to obtain a pre-sale injunction because "this should never preclude a homeowner

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

from acting in his defense." [Doc. No. 33 at 2] The Woods provide no authority for this assertion, and it directly contradicts A.R.S. § 33-811(C), which contains no exceptions to the waiver rule. This Court has not hesitated to find that *pro se* homeowners waived foreclosure-related claims by failing to challenge the sale before it took place. See De Leon v. ReconTrust Company N.A., No. 3:10-cv-08132, 2010 WL 3034280, *1 (D. Ariz. Aug. 3, 2010) ("In this case, Plaintiff failed to obtain an injunction before the sale. Additionally, all of the claims Plaintiff now makes would fall within A.R.S. § 33-811(c) and are now waived").[1]

### III.   DEFENDANTS LAWFULLY NOTICED THE SALE.

The Woods cannot dispute that they waived each claim presented in this case, so they resort to arguing that the foreclosure documents were void and cannot support a sale. The Woods could have asserted this argument as well before the sale, so it too is waived. Nevertheless, the argument cannot succeed. The Woods support their position by arguing that because MERS does not possess the note, it had no authority to participate in the foreclosure and could not assign its interest under the deed of trust to another entity, invalidating the actions of BAC and non-party ReconTrust Company N.A. ("ReconTrust"), because those entities derived their authority from MERS. [Doc. No. 33 at 5–6] This

---

[1] The Woods accuse Defendants of misleading the Court as to the action the Maricopa County Superior Court took with respect to their last-minute motion to enjoin the foreclosure sale. They say that Defendants did not inform this Court that the state court rescheduled the hearing to allow for proper service, but that is false. Defendants indicated that "[t]he court ordered the Woods to serve Defendants with notice of their action and scheduled a hearing for March 1." [Doc. No. 27 at 4] The Woods also assert that Defendants removed the case to this Court after the hearing was rescheduled to avoid entry of a restraining order. It is the Woods who mislead the Court. The state court vacated the March 1 hearing when the Woods again failed to timely serve Defendants—despite the fact that they had notice of the sale for three months without taking any action. [Doc. No. 1-1 at 97–98] Defendants removed the case to this Court after they finally received notice of its filing at the end of March. In any event, what Defendants did in March, one month after the sale, is not relevant to waiver, because the Woods undeniably did not obtain a timely injunction—the only fact of relevance under A.R.S. § 33-811(C).

argument ignores the plain language of the Woods' deed of trust, which makes MERS the nominee of the current note-holder, whoever that may be. [AC, Exhibit A at 2] This Court has consistently rejected the theory that MERS cannot participate in foreclosures, as Defendants explained in their motion to dismiss. See, e.g., Ciardi v. The Lending Co. Inc., No. 2:10-cv-0275, 2010 WL 2079735, at *3 (D. Ariz. May 24, 2010); Cervantes v. Countrywide Home Loans Inc., No. 2:09-cv-00517, 2009 WL 3157160, at *10 (D. Ariz. Sept. 24, 2009). This Court recently reiterated its unambiguous position on this issue. In re Mortgage Electronic Registration Systems (MERS) Litigation, No. 2:09-md-02119, Doc. No. 1170 (D. Ariz. Sept. 30, 2010).

In response, the Woods cite a bankruptcy decision from the Eastern District of California applying a California rule that the beneficiary of a trust deed cannot transfer its interest unless it also possesses the note. Again, this ignores the fact that MERS acts for the note-holder. Regardless, this rule is not the law in Arizona, as Ciardi and Cervantes unambiguously explain. Cervantes, 2009 WL 3157160, at *10 ("Plaintiffs' allegations would foreclose the very splitting of a promissory note from a deed of trust. Such an approach, of course, would intrude into the realm of third-party beneficiary contracts, as well as assignments and delegations"); Ciardi, 2010 WL 2079735, at *3 ("Because the deed of trust explicitly states that MERS is the beneficiary with the authority to foreclose and sale [sic] the property, the Court finds Plaintiffs' arguments unavailing").

## IV. REAL PROPERTY CANNOT BE CONVERTED.

Recognizing that their wrongful foreclosure claim cannot succeed, the Woods attempt to recast it as a claim for conversion. [Doc. No. 33 at 6] While the Woods cannot amend their pleadings by statements made in a responsive memorandum, any attempted amendment to assert a conversion claim would fail, because real property cannot be converted. Strawberry Water Co. v. Paulsen, 207 P.3d 654, 659 (Ariz. Ct. App. 2008) ("[w]ater rights are real property interests, and thus cannot be converted because they are not chattels") (citations omitted).

## V. THE "SHOW ME THE NOTE" THEORY CANNOT SUCCEED.

The Woods respond to this Court's unambiguous precedent rejecting the "show me the note" theory by arguing that they are not asserting that theory—but then proceed to demand that the note be produced. This theory cannot succeed, for the reasons set forth in both motions to dismiss, and the Woods have not offered any reason why it should succeed. Rather, they gratuitously cite Bank of America's voluntary decision to temporarily postpone foreclosures. This has nothing to do with the legal necessity of producing the borrower's original promissory note in order to conduct a non-judicial foreclosure sale, as the Woods' own exhibit demonstrates. [Doc. No. 33, Exhibit A] The Arizona non-judicial foreclosure statutes do not contain any such requirement, and Bank of America's decision to double-check foreclosure documents does not change that fact.[2]

## VI. PLAINTIFFS HAVE NOT PLAUSIBLY ALLEGED THAT DOCUMENTS WERE FORGED.

The Woods fail to plead any facts plausibly suggesting that Leticia Quintana, who assigned the Woods' deed of trust to BAC as an officer of MERS, and substituted ReconTrust as trustee as an officer of BAC, was not authorized to act for both companies. Rather, they merely repeat their allegation "upon information and belief" that she was not so authorized, and improperly cite a deposition of a MERS officer stating that MERS has no employees. This was not pled in the Amended Complaint, and the Woods fail to attach the alleged deposition so that the Court and Defendants can see for themselves what it really says. Regardless, even if the allegation were true, surely MERS must have individuals authorized to act on its behalf; that is the only way corporations *can* act. Because the Woods have failed to plead "factual content that allows the court to draw the reasonable

---

[2] Of course, the Woods cannot argue that the current temporary postponement should preclude dismissal of this lawsuit, because the property at issue here was sold *eight months ago*. Bank of America has never indicated any intent to revisit prior sales. The current postponement has nothing to do with the Woods' sale. The Woods fail to connect the two things in any way.

678340.1

5

inference" that their foreclosure documents were signed without authority, this claim cannot succeed. Iqbal, 129 S. Ct. at 1949.

## VII. SECURITIZATION CANNOT INVALIDATE A TRUSTEE'S SALE.

The motion to dismiss pointed out that no contractual provision prohibits securitization, and that the sale of the Woods' loan on the secondary market did not deny them any contractual benefit, did not cause them to default, and did not otherwise damage them in any way. The Woods fail to respond. They merely repeat their conclusory allegation that the sale of the loan amounted to "fraudulent conversion," breach of the covenant of good faith and fair dealing, unjust enrichment, and breach of contract. [Doc. No. 33 at 8–9] They add that securitization "was done to benefit the banks" (without explaining why that is wrong), and that it vaguely diminished their ability to protect their property. That cannot be true, because the Woods have never alleged that their default had anything to do with the sale of the loan.

## VIII. THE DEED OF TRUST IS NOT A CONFESSION OF JUDGMENT, NOR IS IT UNCONSCIONABLE.

The Woods fail to support these claims with any facts or law. They fail to explain how a deed of trust, which does not authorize the entry of judgment, can be a confession of judgment, or how they have been deprived of legal recourse, when they had a statutory right to enjoin the sale before it took place. Nor do they explain why the deed of trust is void, even if it is a confession of judgment. Even a true confession of judgment (which a deed of trust is not) is not unlawful unless the party authorizing entry of judgment did not validly consent. D. H. Overmyer Co. of Ohio v. Frick Co., 405 U.S. 174, 187 (1972). The Woods argue that the mere use of the words "waive, irrevocable, seised, and power of sale . . . are prima facie evidence that plaintiffs were induced into waiving their rights to legal recourse." [Doc. No. 33 at 9] But the text of the deed of trust says nothing about whether the Woods were "induced" into waiving their rights. The Woods have not alleged a single fact

explaining how any party to their mortgage transaction prevented them from understanding what a power of sale is.

Nor do they plausibly allege that the deed of trust was unconscionable. They merely assert that certain words were not explained, and that they had to sign the deed of trust to get their mortgage loan. [Doc. No. 33 at 9] That is not enough. Brosnahan v. Bank of America N.A., No. 3:10-cv-08056, 2010 WL 2629422, *1 (D. Ariz. June 30, 2010) ("Plaintiff has not plead facts to show that his deed of trust is unconscionable. His only argument is that the deed was a standard form that he was required to sign and that he did not understand the terms").

## IX.   THE COURT SHOULD DISMISS WITH PREJUDICE.

The Court need not grant leave to amend where amendment "would be an exercise in futility" or where "the amended complaint would also be subject to dismissal." Steckman v. Hart Brewing Inc., 143 F.3d 1293, 1298 (9th Cir. 1988) (affirming denial of leave to amend and dismissal of case with prejudice). The Woods should not be held to a different standard merely because they are representing themselves. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir. 1986) ("[t]he district court did not err in refusing to allow [pro-se plaintiff] to amend his pleading since the proposed amendment would not overcome" the original pleading's deficiencies).

The Woods have had two opportunities to explain why Bank of America was not entitled to sell their property after they indisputably defaulted on their mortgage loan. They have failed to allege a single fact remotely suggesting that they are entitled to relief. More importantly, the theories upon which both complaints rely have been rejected as a matter of law. The Woods cannot change the law by amending their complaint yet again. Because it is apparent that the Woods do not have any real grievance with Bank of America, but rather can assert only the same flawed theories as countless other borrowers with no legitimate reason to avoid their mortgage obligations, the Court should dismiss with prejudice. Cettolin v. GMAC, No. 10-cv-8036, 2010 WL 3834628, *4 (D. Ariz. Sept. 24, 2010)

(granting motion to dismiss and denying leave to amend because, among other reasons, "Plaintiffs cannot possibly cure the deficiencies in their Complaint by adding more facts because, pursuant to A.R.S. § 33-811(C), they waived all defenses to the trustee sale by not obtaining an injunction").

**Relief Requested**

For the foregoing reasons, Defendants MERS and BAC respectfully request that the Court dismiss the Woods' Amended Complaint with prejudice.

DATED this 15th day of October, 2010.

BRYAN CAVE LLP

By  s/ Gregory B. Iannelli
Robert W. Shely
Gregory B. Iannelli
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406

Attorneys for Defendants BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc.

COPY of the foregoing electronically filed using the CM/ECF System this 15th day of October, 2010, with a copy mailed to:

Jonathan Woods and Kerrie Woods
3930 East Cody Avenue
Gilbert, Arizona 85234

s/ Gregory B. Iannelli

678340.1

8