Jonathan B. Woods and Kerrie Woods
3930 East Cody Avenue, Gilbert, AZ 85234
(480) 232-0076

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN B. WOODS AND, KERRIE WOODS,<br><br>Plaintiffs, Pro Per<br><br>vs.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., BAC HOME LOANS SERVICING, AND, JOHN AND JANE DOES 1-5<br><br>Defendants | Case No.: 2:10-CV-00723 - GMS<br><br>**MOTION IN OPPOSITION TO DEFENDANTS BAC HOME LOAN SERVICING AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC. MOTION FOR PROTECTIVE ORDER**<br><br>(Hon. G. Murray Snow) |

NOW COMES, JONATHAN B. WOODS and KERRIE WOODS, (hereinafter "Plaintiffs"), who file this Motion in Opposition to Motion For Protective Order entered by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter "MERS") and BAC HOME LOANS SERVICING LP (hereinafter "BAC"), (hereinafter collectively referred to as "Defendants"). Plaintiffs are homeowners trying to save their property and seek due process to have their case heard which states clear claims supported by fact and law, and further state as follows:

//

//

//

## Memorandum of Points and Authorities

Plaintiffs hereby assert that Defendants' Motion For Protective Order is without merit and intended to avoid responding to Plaintiffs' discovery which they are entitled to at this stage. This case was originally filed in Arizona Superior Court on February 16, 2010. This motion is intended to delay the process and deprive Plaintiffs of due process.

Pursuant to FRCP 16(a), this Court " <u>may</u> order the attorneys and any unrepresented parties to appear for one or more pretrial conferences". This infers that the court has discretion to order a pretrial conference to discuss issues such as scheduling for discovery, motions and trial, but it is not required to. Since this Court has not chosen to do so after 8 months have passed, Plaintiffs are well within reason to serve discovery at this point in time. They have been the victims of contractual fraud and wrongful foreclosure, as detailed in their Verified Complaint. Due to recent news reports regarding banks using "robo-signers" creating fraudulent documents, unrecorded assignments, and notes being lost in the securitization process underscore the fact that Plaintiffs have set forth recognizable claims which they are entitled to have adjudicated.

FRCP 26(c)(1) states in regard to a Motion for Protective Order that "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." As stipulated in Defendants Motion For Protective Order, Defendants have made no attempt to confer with Plaintiffs regarding this case.

Therefore, their motion cannot be granted and they should be ordered to answer discovery, which Plaintiffs require in order to continue to formulate their case, as well as be ordered to answer Plaintiffs' Amended Verified Complaint.

## Conclusion

Ample time has passed in which the parties may have met in a pretrial conference pursuant to FRCP 16(a), but the court has not deemed it necessary. Plaintiffs have been harmed and are entitled to relief. Their right to pursue discovery at this stage is warranted. A protective

order would deprive Plaintiffs of due process and obstruct their ability to obtain the information they need to move this case forward. Furthermore, as Defendant has made no attempt to confer with Plaintiffs in this matter and failed to certify to the contrary in their motion, pursuant to Rule 26(c)(1) the Motion For Protective Order should be denied.

## Relief Requested

For the foregoing reasons, Plaintiffs respectfully request that the court deny Defendants Motion For Protective Order and order that Defendants respond to their discovery, and answer Plaintiffs' Amended Verified Complaint.

## JUDICIAL NOTICE

The Plaintiffs wish to point out to the Court that they are NOT schooled in the law, but as civilians exercising their rights under law for the proper action of the Court from the unacceptable actions on the part of the Defendants in question. As such, the Plaintiffs ask the court to look to the substance of their pleadings rather than the form and asks the court to take judicial notice pursuant to Section 32 of the Judiciary Act of 1789 (1 Stat. 73) which specifies that "courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects, or want of form." Plaintiffs further asks the court to take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence of the enunciation of principles stated in King v. Knoll (No. 04-04149-JAR), Whitney v. State of New Mexico (113 F.3d 1170), and Haines v. Kerner (404 U.S. 519), wherein the courts directed that those who are unschooled in law making complaints/pleadings shall have the court look to the substance of the complaint/ pleadings rather than the form and hereby makes the following pleadings/notices in the above referenced matter WITHOUT waiver of any defenses.

Date: October 15, 2010                    Respectfully submitted,

*[signature]*
Jonathan B. Woods

*[signature]*
Kerrie Woods

Copy of the foregoing filed this 15th day of October, 2010, with a copy mailed to:

Bryan Cave LLP
Attention: Robert W. Shely
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

*[signature]*
Jonathan Woods

**OPPOSITION TO MOTION FOR PROTECTIVE ORDER -** Page 4 of 4