**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan B. And Kerrie Woods,<br><br>                Plaintiff,<br><br>vs.<br><br>BAC Home loans Servicing LP; Mortgage Electronic Registration Systems Incorporated, et al.,<br><br>                Defendants. | No. CV-10-723-PHX-GMS<br><br>**ORDER** |

Pending before this Court are: (1) Motion to Dismiss Case by BAC Home Loan Servicing LP, and Mortgage Electronic Registration Systems Incorporated, Doc. 27, and, (2) Motion to Strike "Notice of Criminal Complaint and Affidavit of Fact by Cynthia J. Cantrell, Doc. 39. For the reasons set forth below, both motions are granted and Defendant BAC Home Loan Servicing LP, and Mortgage Electronic Registration Systems Incorporated are dismissed with prejudice as Defendants in this case.

**BACKGROUND**

According to Plaintiff's Amended Verified Complaint for Wrongful Foreclosure, Doc. 26, ("Amended Complaint") on July 31, 2008 Plaintiffs entered a promissory note and a deed of trust to obtain funds sufficient to purchase the subject property. Apparently the lender of the funds and the beneficiary of the promissory note was Taylor, Bean and

Whitaker Mortgage Corp.[1], ("TBW").  The Deed of Trust, however, named Mortgage Electronic Registration Systems Incorporated ("MERS")as the original beneficiary in a nominee capacity for the benefit of TBW and its subsequent successors and assigns.  The following year, Plaintiffs were advised that rights to collect payments under the note had been assigned to BAC Home Loan Servicing LP ("BAC").  On November 5, 2009, MERS transferred all beneficial interest in the deed of trust to BAC.

On the same date BAC named Reconstruct, Inc. as the successor trustee under the deed of trust.  Reconstruct then noticed a trustee's sale of the subject property for February 16, 2010.  All of these documents were completed on Nov. 5 2009 and filed in Maricopa County on November 6, 2009.[2]

The trustees sale, in fact, occurred on February 16, 2010 as noticed.

The Amended Complaint names the original lender, MERS and BAC as parties Defendant.  It seeks emergency and declaratory injunctive relief to vacate the sale of the subject property that occurred on February 16, 2010.  It also asserts claims for the breach of the covenant of good faith and fair dealing, misrepresentation/fraud, quiet title and unjust enrichment against the Defendants.

---

[1]This action has been stayed against Defendant TBW, because that entity is in bankruptcy.  While Defendant also named First American Title Insurance Company in its initial complaint, it dropped First American as a Defendant in its First Amended Complaint.  Because this action is governed by the terms of the First Amended Complaint, *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) the Plaintiffs' failure to name First American as a Defendant in its First Amended Complaint amounts to a dismissal of First American as a party Defendant.

[2]  Each of these documents is attached as an Exhibit to Plaintiff's First Amended Complaint.  The authenticity of the exhibits is not called into question by the Defendants.  Thus it is appropriate for this court to consider them in resolving a motion to dismiss. *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002).

**ANALYSIS**

**1.      A.R.S. § 33-811.**

In their Motion to Dismiss the First Amended Complaint, Defendants BAC and MERS  assert that the Plaintiffs have waived any defenses or objections to the trustees sale, because they did not obtain injunctive relief prior to the foreclosure sale.  Defendants are correct.

A.R.S. § 33-811 specifies that:

> The trustor, its successors or assigns, . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona Rules of Civil Procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the schedule date of the sale.

The record in fact reveals that Plaintiffs did not file an action in state court until the date of the foreclosure sale.  The Plaintiffs never obtained injunctive relief against any of the Defendants.  This action was removed to this court at the end of the following month.

Plaintiffs' only argument concerning the applicability of this statute is that Plaintiffs did not timely request an injunction because they are representing themselves and only became aware of their obligation to obtain an injunction not long before filing their complaint.  They assert that this failure "[i]n the interest of justice and due process, . . . should never preclude a homeowner from acting in his defense within the legal system to save his home and obtain restitution."  Doc. 33 at p. 2.

Unfortunately for Plaintiffs, that is exactly what the statute does at least insofar as it relates to allowing the Plaintiffs to now contest the sale of their home.  *Luciano v. WMC Mortgage Corp.,* 2010 WL 1491952 (App. April 13, 2010) (holding that we "give effect to the plain meaning of the statute" and that by Plaintiff's failure to seek an injunction pursuant to Rule 65 before the sale was held, "she waived any defense or objection to the sale.").  This court does not make and cannot alter state law, rather it applies it.  The law in question does not provide leeway for self-representing homeowners who claim ignorance of their rights.  Thus, no arguments or assertions raised by Defendant, even if true, can be used to contest the non-judicial foreclosure of the subject property.  Therefore, to the extent that Plaintiffs

1   asserts any claim to quiet title to the subject property (fourth cause of action) or a declaratory

2   claim to invalidate the sale, (first cause of action) those claims are dismissed.

3            **2.     Legal Insufficiency of Remaining Claims**

4            While the statute specifies that all objections and defenses to the sale are waived, it

5   apparently does not prevent Plaintiffs from pursuing such other claims as they may have

6   against the moving Defendants to the extent those other claims seek relief that is not

7   dependent upon the voiding of the sale.  Plaintiff has apparently attempted to state such claims

8   in counts two (Breach of Covenant of Good Faith and Fair Dealing), three (Misrepresentation

9   and Fraud), and five (Unjust Enrichment).

10           The factual bases identified by Plaintiffs on which they seek to assert counts two and

11  three are, however, undifferentiated.  In each of these counts, Plaintiffs appear to assert that

12  Defendants breached the covenant and committed fraud for the same reasons.  In a related

13  allegation they further allege in Count Five that Defendants were unjustly enriched from the

14  securitization of the mortgages.  Each of these assertions are legally insufficient to state a

15  claim for the breach of the covenant of good faith and fair dealing, or a claim for fraud or

16  misrepresentation.

17           **a.     There is No Requirement For Possession of the Actual Note.**

18           Plaintiffs allege that Defendants had no authority to foreclose on their home because

19  Defendants were not holders in due course of the original promissory note. This theory, which

20  is often referred to as "show me the note," has been soundly rejected by the District of

21  Arizona. *Diessner v. Mortg. Elec. Registration Sys*., 618 F. Supp. 2d 1184, 1187 (D. Ariz.

22  2009) ("[D]istrict courts have routinely held that Plaintiff's 'show me the note' argument lacks

23  merit."); *See, e.g., Ciardi v. Lending Co.*, 2010 WL 2079735 (D. Ariz. May 24, 2010); *Silvas

24  v. GMAC Mortg*., 2009 WL 4573234 (D. Ariz. Dec. 1, 2009, amended Jan. 5, 2010);

25  *Contreras v. U.S. Bank*, 2009 WL 4827016 (D. Ariz. Dec. 15, 2009). Given that it is not a

26  cognizable legal theory, to the extent Plaintiffs assert claims for breach, fraud or

27  misrepresentation that are based on the Defendant's failure to possess the note at the time of

28  foreclosure, such claims are dismissed with prejudice. *Mansour v. Cal-Western Reconveyance*

1  *Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2006) ("Dismissal is appropriate where the
2  complaint lacks . . . a cognizable legal theory . . ..").

3         **b.**       **Deeds of Trust are Not Negotiable**

4        Also dismissed is any claim based on the theory set forth by plaintiff that the deed of
5  trust constitutes a negotiable instrument. *See, e.g., Rhoads v. Washington Mut. Bank, F.A.,*
6  2010 WL 1408888*3-4 (D. Ariz. 2010) (holding that a "deed of trust . . . is not an
7  "instrument" under the Arizona Uniform Commecial Code–Negotiable Instruments.")

8         **c.**       **A.R.S. § 47-3103 et. seq. Is Not Implicated by A Non-Judicial Foreclosure**
9
10       *Rhoads* also establishes that to the extent any of Plaintiff's claims may be based on an
11  asserted failure to comply with A.R.S. § 47-3101, *et seq.* such claims cannot be supported.
12  The sale that Plaintiffs "seek to have declared void was conducted pursuant to the trustee's
13  power of sale, not at an action to enforce the Note." Id at *3.   Such claims, therefore, are
14  inapplicable and are dismissed.

15         **d.**       **MERS Did Not Foreclose On The Deed of Trust**

16       Plaintiffs argument that MERS lacks standing is unavailing.  MERS is not a Plaintiff
17  in this case, they are a Defendant brought into the case by Plaintiff.  Further, MERS did not
18  foreclose on the deed of trust at issue here. BAC had Reconstruct, a successor trustee,
19  appointed.  It, apparently, conducted the non-judicial foreclosure sale.  Thus, MERS itself
20  did not foreclose on the deed of trust.  Plaintiff's argument that MERS lacks standing is,
21  therefore, misplaced.

22         **e.**       **The Trust Deed Beneficiary Was Obligated to Act for the Benefit of the Holder of the Note**

23       Plaintiffs assert that making MERS the nominal beneficiary on the deed of trust as an
24  agent for TBW or its successors or assigns, as a matter of law separates the beneficial interest
25  in the deed of trust from the promissory note that the deed of trust secures.  This, Plaintiffs
26  allege, results in an invalid assignment.  Nevertheless, by the terms of the deed of trust itself,
27  MERS is only a beneficiary for the benefit of the original lender on the promissory note and
28  its subsequent successors and assigns. Therefore MERS can only exercise its rights as

beneficiary under the deed of trust for the benefit of either the original lender or its subsequent successors and assigns.  To the extent it does so, the beneficial interest in the deed of trust has not been separated from the lender or its successors, and no assignment by MERS is invalid.

Plaintiffs point to nothing in Arizona law that suggests that the deed of trust cannot be foreclosed when it is held by an agent of the beneficiary of the promissory note or its successor or assignee.  *Kane v. Bosco,* 2010 WL 4879177 at *11 (D. Ariz. Nov. 23, 2010), *Cervantes v. Countrywide Home Loans, Inc.,* 2009 WL 3`57160 at *10-11 (D. Ariz. Sept. 24, 2009).  Nor do Plaintiffs assert that either MERS's assignment of the deed of trust to BAC, or BAC's ultimate foreclosure of the deed of trust, violates MERS obligations as a nominal beneficiary under the deed of trust for the benefit of the lenders or their successors or assigns. Therefore, absent additional substantive allegations, their argument that the deed of trust is void because it was "separated" from the promissory note itself, or that MERS could not execute an assignment of the deed of trust, fails to state a claim.

### f.      The Deed of Trust is Not a Cognovit Note

To the extent that Plaintiff asserts that the Deed of Trust constitutes an invalid confession of judgment, otherwise referred to as a cognovit note, that claim is untenable in a non-judicial foreclosure proceeding.  A non-judicial foreclosure does not result in a judgment and hence does not result in any confession of judgment.  Therefore, any claim that a deed of trust amounts to an invalid confession of judgment, or a cognovit note, fails to state a claim as a matter of law.

### g.      The Complaint Fails To Comply With The Pleading Requirements of *Iqbal*

Without sufficient elaboration the Plaintiffs also generally state that the promissory note and the deed of trust were unconscionable and constituted a contract or contracts of adhesion.  They further generally assert that the failure to disclose the securitization of the loan results in misrepresentation, fraud, and a breach of the covenant of good faith and fair dealing.   They also assert that MERS and BAC cannot have the same corporate officer

1    without creating a conflict of interest.  Nevertheless, to survive dismissal for failure to state

2    a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more

3    than "labels and conclusions" or a "formulaic recitation of the elements of a cause of

4    action[;]" it must contain factual allegations sufficient to "raise a right to relief above the

5    speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "A claim has

6    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

7    reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

8    *Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

9        The Plaintiff has not adequately plead sufficient facts to make any of these claims

10   plausible.  Such a complaint does not meet the standard set forth in *Bell Atlantic Corp. v.*

11   *Twombly,* 550 U.S. 544, 555 (2007) (holding that a plaintiff has an obligation to allege

12   sufficient facts to plausibly allege grounds upon which he claims his entitlement to relief and

13   that mere labels and conclusions  or a formulaic recitation of the elements of a claim is

14   insufficient.").

15       To the extent that Plaintiffs seek to assert claims of fraud against  Defendants they

16   must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ.

17   P. 9(b).  There are nine elements required to plead common law fraud in Arizona. *Nielson*

18   *v. Flashberg*, 101 Ariz. 335, 338, 419 P.2d 514, 517 (1966).  Each fraud claim must be plead

19   with particularity as to each Defendant against which Plaintiff raises such claims. A Plaintiff

20   must "state the time, place and specific content of the false representation as well as the

21   identities of the parties to the misrepresentations." *Schreiber Distrib. Co. v. Serv-Well*

22   *Furniture Co.*, 806 F2d 1393, 1401 (9th Cir. 1986); *A.G. Edwards & Sons, Inc. v. Smith*, 736

23   F. Supp. 1030, 1033 (D. Ariz. 1989) (holding that "[m]ere conclusory allegations of fraud

24   will not suffice; the complaint must contain statements of the time, place and nature of the

25   alleged fraudulent activities.").   For the reasons above stated, those allegations are

26   insufficient to state a plausible claim against either BAC or MERS. The same holds true for

27   Plaintiffs' assertion that the securitization of the mortgage resulted in an unjust enrichment

28   for Defendants.

h.    **Arizona has not recognized an independent cause of action for wrongful foreclosure**

Those states that recognize the tort of wrongful foreclosure require the trustor to prove that either he was not in default at the time of the foreclosure or that the foreclosing party caused the default. *Contreras v. U.S. Bank as Trustee for CSMC Mortgage Backed Pass-Through Certificates Series 2006-5,* 2009 WL 4827016 at *5 (D. Ariz. Dec. 15, 2009). Plaintiff has not made any such assertions in his complaint. And, at any rate, Arizona Courts have not yet recognized the tort of wrongful foreclosure. *Id.* Therefore, Plaintiffs have not adequately pleaded such a claim.

## CONCLUSION

Despite the prolixity of their Amended Verified Complaint, Plaintiffs have failed to state a claim in it. The Complaint, therefore, is dismissed. Because Plaintiff has already once been given leave to Amend his complaint, leave to amend is not again granted and his claims against MERS and BAC are dismissed with prejudice. *Sisseton - Wahpeton Sioux Tribe v. United States,* 90 F.3d 351, 355 (9th Cir. 1996). (holding that discretion to dismiss without leave to amend is particularly strong where leave to amend has been previously granted). Therefore,

**IT IS HEREBY ORDERED**:

1.    Granting the Motion to Dismiss Case by BAC Home Loan Servicing LP, and Mortgage Electronic Registration Systems Incorporated, Doc. 27, and dismissing BAC Home Loan Servicing LP, and Mortgage Electronic Registration Systems Incorporated with prejudice as Defendants in this case.

/ / /

/ / /

2.    Granting the Motion to Strike "Notice of Criminal Complaint and Affidavit of Fact by Cynthia J. Cantrell, Doc. 39.

DATED this 15th day of July, 2011.

_____
G. Murray Snow
United States District Judge