BRYAN CAVE LLP, #00145700
Robert W. Shely (No. 014261)
Gregory B. Iannelli (No. 026549)
Two N. Central Avenue, Suite 2200
Phoenix, AZ 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
rwshely@bryancave.com
gregory.iannelli@bryancave.com

Attorneys for Defendants BAC Home Loans Servicing LP
and Mortgage Electronic Registration Systems Inc.

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN B. WOODS and KERRIE WOODS,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR, BEAN & WHITAKER MORTGAGE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC.; BAC HOME LOANS SERVICING; and JOHN and JANE DOES 1-5,<br><br>Defendants. | No. 2:10-cv-00723<br><br>**OPPOSITION TO POST-JUDGMENT MOTIONS**<br><br>(Hon. G. Murray Snow) |

Plaintiffs have filed a "Motion for Relief from Order" [Doc. 53], a "Request for Judicial Notice" [Doc. 55], a "Motion for Attorney General Intervention" [Doc. 52], and a "Motion for Leave to Amend Complaint" [Doc. 57]. The Court should deny each motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.     PLAINTIFFS ARE NOT ENTITLED TO POST-JUDGMENT RELIEF.**

Plaintiffs ask the Court to set aside its final order dismissing the case with prejudice under Rule 60. Rule 60 provides:

697468.1

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiffs cannot point to any of these six items as justifying the relief they seek. Rather, they simply re-argue their response to the motion to dismiss, offering nothing new. If anything, Plaintiffs' claims are *more* frivolous now than they were when the Court dismissed them, because the Arizona Court of Appeals has rejected the "show me the note" theory upon which the case heavily depends. See Hogan v. Washington Mutual Bank, N.A., --- P.3d ---, No. 1 CA-CV 10-0383, 2011 WL 3108343 (Ariz. Ct. App. July 26, 2011).

## II. THE COURT SHOULD DENY PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE.

Plaintiffs ask the Court to take judicial notice of a consent decree relating to Defendant Mortgage Electronic Registration Systems Inc. ("MERS"). The consent decree does not admit any wrongdoing, has nothing to say about the requirements for non-judicial foreclosures in Arizona, and has nothing to do with the allegations raised by Plaintiffs in their pleadings or in their motion for relief from the order. The Court should decline to consider this document.

## III. THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR ATTORNEY GENERAL INTERVENTION.

Plaintiffs ask the Court to give the Arizona Attorney General notice of this action under 28 U.S.C. § 2403(b), alleging that they have challenged the constitutionality of A.R.S. § 33-811(C). The request, though meritless, is moot, because on August 29, 2011, the attorney general formally declined to intervene. [See Doc. 58]

697468.1

2

**IV.   THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR LEAVE TO AMEND.**

Plaintiffs move yet again for leave to amend their complaint.  The motion is procedurally improper and essentially amounts to a motion for reconsideration.  In its order dismissing the Amended Complaint, the Court expressly denied leave to amend, and the new motion fails to set forth any reason to question the Court's decision.  Moreover, as the entire case has been dismissed with prejudice as against Defendants, Plaintiffs cannot simply file an amended complaint.

Regardless, the proposed amended complaint adds nothing to the multiple complaints already filed by Plaintiffs.  It merely demands an injunction and a declaratory judgment, without setting forth any facts or legal principles that would entitle Plaintiffs to that relief.  Defendants can only assume that the grounds urged are the same as those this Court has already rejected.

**Relief Requested**

Defendants respectfully request that the Court deny Plaintiffs' "Motion for Relief from Order" [Doc. 53], "Request for Judicial Notice" [Doc. 55], "Motion for Attorney General Intervention" [Doc. 52], and "Motion for Leave to Amend Complaint" [Doc. 57].

DATED this 29th day of August, 2011.

> BRYAN CAVE LLP
>
> By   s/ Gregory B. Iannelli
> Robert W. Shely
> Gregory B. Iannelli
> Two North Central Avenue, Suite 2200
> Phoenix, Arizona 85004-4406
>
> Attorneys for Defendants BAC Home Loans Servicing LP and Mortgage Electronic Registration Systems Inc.

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

697468.1

3

1 COPY of the foregoing electronically filed
2 using the CM/ECF System this 29th day of August, 2011, with a copy mailed to:
3
4 Jonathan Woods and Kerrie Woods
3930 East Cody Avenue
5 Gilbert, Arizona 85234

6 s/ Gregory B. Iannelli

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

697468.1                                    4